CALOCA-JOHNSON, DAWN, Associate Judge.
This case requires us to define the scope of the enforcement provision available to insurers under section 627.736(6)(c), Florida Statutes.[1] In applying this statute, the trial court ordered Appellant, Shands Jacksonville Medical Center (Shands), to produce a variety of documents, including confidential contracts between Shands and 37 health insurance entities. Appellee State Farm seeks discovery of these contracts because they contain information regarding negotiated reimbursement rates that Shands agreed to accept for services and supplies rendered on behalf of each entity’s insureds. State Farm argues that this information is necessary in order for it to determine if the amounts billed by Shands are reasonable. The court also ordered Shands to make a designated corporate representative available for deposition. Shands raises a number of arguments with respect to the trial court’s' order, including that the order exceeds the scope of the discovery provided by the statute. Because we agree with Shands on this point, we need not address its other points. Furthermore, our reversal of the trial court’s discovery order renders unnecessary the attendant confidentiality order which the court entered.

Facts

After paying Shands for medical services provided to 29 of its insureds, State Farm sent letters to Shands requesting certain information regarding the invoices for treatment. These requests for information were submitted pursuant to section 627.736(6)(b), Florida Statutes, which requires a health care provider which renders services to a PIP carrier’s insureds to provide certain information and documents related to treatment and associated costs upon the insurer’s request.
In response, Shands sent State Farm all medical records, information regarding services rendered, its most recent Medicare cost report filed with the Agency for Health Care Administration (AHCA), and its cost information as well as comparative cost information relating to other hospitals’ charges for the same procedures, which Shands obtained from AHCA. Shands did not comply with State Farm’s request for copies of third-party contracts with medi *374 cal insurers which contain negotiated discount rates from its regular charges with these third parties, contending that section 627.736(6)(b) does not entitle State Farm to those documents or that information. Subsequently, State Farm filed a petition pursuant to section 627.736(6)(c), which provides, in relevant part:
In the event of a dispute regarding an insurer’s right to discovery of facts under this section, the insurer may petition a court of competent jurisdiction to enter an order permitting such discovery.
In addition to the aforementioned contracts, State Farm also asked the court to order Shands to make certain of its employees available for deposition. The matter eventually resulted in an evidentiary hearing. Following the hearing, the trial court issued the order on appeal.
The court found that section 627.736(5)(a), Florida Statutes,[2] prohibits PIP health care providers from charging more than a reasonable amount for services and supplies, and “identifies the type of evidence that may be considered” when determining a “reasonable reimbursement rate for medical bills presented for treatment.” Section 627.736(5)(a) provides, in relevant part:
(a) ... In determining whether a charge for a particular service, treatment, or otherwise is reasonable, consideration may be given to evidence of usual and customary charges and payments accepted by the provider involved in the dispute, reimbursement levels in the community and various federal and state medical fee schedules applicable to motor vehicle and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service, treatment, or supply.
(Emphasis added.)
Focusing on this highlighted language, the trial court determined that third-party “discount contracts,” such as those State Farm sought here, fall within the ambit of the information a PIP carrier is entitled to obtain under section 627.736(6)(b). The trial court also found that the “express language of [section 627.736(6)(c) ] allows discovery under the entirety of’ section 627.736, thus rejecting Shands’ position that the discovery language in subsection (6)(c) applies only to the information specifically referenced in subsection (6)(b).
Finally, the trial court adopted the reasoning of the Fourth District in Kaminester v. State Farm Mutual Automobile Insurance Co., 775 So.2d 981 (Fla. 4th DCA 2000), and found that the phrase “discovery of facts” as used in subsection (6)(c) is not limited to “document production, but also [includes] deposition testimony and other means of obtaining information authorized by the Florida Rules of Civil Procedure.”
Ultimately, the trial court ordered Shands to produce copies of the 37 third-party contracts (with the insurers’ names and any other identifying information redacted). The court also ordered Shands to produce a spreadsheet of the amounts Shands agreed to accept from those insurers as well as from Medicare and Medicaid, and a “detailed, written accounting and explanation of the ‘additional costs’” identified in one of the documents Shands previously produced. The court also granted State Farm “leave to depose a designated corporate representative of Shands” about the “documents and infor *375 mation produced in the course of this proceeding.” For the reasons explained below, we reverse this order in its entirety because it exceeds the extent of discovery permissible under sections 627.736(b) and (c), Florida Statutes.

Analysis

Generally, discovery orders are reviewed for abuse of discretion. See Friedman v. Heart Inst. of Port St Lucie, Inc., 863 So.2d 189,194 (Fla.2003) (holding scope and limitation of discovery is in trial court’s sound discretion). This case also involves the trial court’s statutory interpretations, which we review de novo. See Borden v. E.-European Ins. Co., 921 So.2d 587, 591 (Fla.2006).
At the outset, we disagree with the trial court’s conclusion that the “discovery of facts” referred to in section 627.736(6)(c), Florida Statutes allows discovery under the entirety of section 627.736, including the types of evidence that may be considered when determining the reasonable reimbursement rate for medical bills presented for treatment referred to in section 627.736(5)(a). Rather, we hold that this reference to discovery applies only to the types of information a healthcare provider is required to provide as delineated in section 627.736(6).[3]
In reaching this conclusion, we note that section 627.736(6) is entitled “Discovery of Facts About an Injured Person; Disputes.” Subsection (6)(b) discusses the information and facts about an injured insured a PIP insurer is entitled to receive from a healthcare provider, specifically:
a written report of the history, condition, treatment, dates, and costs of such treatment of the injured person and why the items identified by the insurer were reasonable in amount and medically nee-essary, together with a sworn statement that the treatment or services rendered were reasonable and necessary with respect to the bodily injury sustained and identifying which portion of the expenses for such treatment or services was incurred as a result of such bodily injury, and produce, and allow the inspection and copying of, his or her or its records regarding such history, condition, treatment, dates, and costs of treatment. ... An “insurer that requests documentation or information pertaining to reasonableness of charges or medical necessity under this paragraph without a reasonable basis for such requests as a general business practice is engaging in an unfair trade practice under the insurance code.”
(Emphasis added.) Subsection (6)(b) is followed by subsection (6)(c), which provides, in relevant part: “In the event of a dispute regarding an insurer’s right to discovery of facts under this section, the insurer may petition a court of competent jurisdiction to enter an order permitting such discovery.”
It seems clear to us, therefore, that the “section” referred to in subsection (6)(c) is in fact a reference to subsection (6), not the entirety of section 627.736. Subsection (6), unlike subsection (5)(a), specifically provides that a PIP insurer is entitled to “Discovery of Facts About an Injured Person,” and subsection (6)(b) delineates the specific types of information (facts) and documentation to which a PIP insurer is entitled to receive from medical providers in analyzing the payment of claims. Furthermore, the title to subsection (6) also indicates that it addresses “Disputes.” Accordingly, subsection (6)(c) begins with the phrase: “In the event of a dispute *376 regarding an insurer’s right to discovery of facts under this section ...which clearly applies to disputes related to an insurer’s attempt to obtain the information and documentation relating to the treatment and associated costs of treatment to an injured insured specified in subsection (6).
Thus, subsection (6)(b) concerns the types of facts and documents to which a PIP insurer is entitled to assist it in ascertaining the reasonableness of the treatment provided to its insured and the amount the medical provider charged for that care. Subsection (5)(a), on the other hand, addresses the factors, or “types of evidence,” relevant to the reasonableness of a medical provider’s charges. These factors, however, are implicated when there is a dispute as to the reasonableness of charges for treatment, not when there is a dispute concerning an insurer’s attempt to obtain the information it is entitled to so that it can assess the reasonableness of those charges.
Applying the foregoing here, although the documents the trial court ordered may very well be relevant and discoverable in the context of litigation over the issue of reasonableness of charges instituted pursuant to subsection (5)(a), they are clearly not the types of documents specifically delineated by subsection (6)(b). Accordingly, State Farm was not entitled to these documents in a proceeding brought pursuant to subsection (6)(c). The trial court’s order compelling production of these documents was an abuse of discretion because it exceeded the bounds of subsections (6)(b) and (c).
The remaining issue we must address concerns that portion of the trial court’s order requiring Shands to produce a designated corporate representative for deposition. The trial court relied upon the Fourth District’s opinion in Kaminester. In Kaminester, the medical service provider argued that section 627.736(6)(e) “does not authorize depositions duces tecum, [but] merely allows the production of specified documents.” 775 So.2d at 984. The district court disagreed, positing that “the legislature has used the legal term of art ‘discovery of facts’” in the statute, and that the “term ‘discovery is obviously borrowed from the Florida Rules of Civil Procedure,” which includes “ ‘depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property for inspection and other purposes; physical and mental examinations; and requests for admission.’ ” Id. (quoting Fla. R. Civ. P. 1.280(a)). The court explained, “When the legislature uses a legal term like ‘discovery, we will ordinarily attribute a meaning consistent with its legal meaning.” Id.
We respectfully disagree with this reasoning and certify conflict with Kamines-ter. In our view, the phrase “discovery of facts” in subsection (6)(c) is limited to the production of the documents described in subsection (6). The process encompassed by subsections (6)(b) and (c) is meant to be a limited pre-litigation procedure for a PIP insurer to obtain specified information about the treatment provided to its insured and the charges for that treatment.
The discovery tools found in the rules of civil procedure, on the other hand, are not triggered until litigation over the reasonableness of those charges has ensued (i.e., commenced pursuant to subsection (5)(a)). Thus, nothing in subsections (6)(b) or (c) contemplates requiring a PIP medical provider to submit any of its representatives to deposition, and the trial court erred by ordering Shands to make a designated corporate representative available for deposition.

*377
Conclusión

For the foregoing reasons, we reverse in its entirety the trial court’s order compelling discovery. We also certify conflict with Kaminester v. State Farm Mutual Automobile Insurance Co., 775 So.2d 981 (Fla. 4th DCA 2000), to the extent that it holds that the “discovery of facts” referred to in section 627.736(6)(c), Florida Statutes, means that the discovery methods provided for in the Florida Rules of Civil Procedure are available to insurers that institute proceedings pursuant to that statute.
REVERSED; CONFLICT CERTIFIED.
MARSTILLER and SWANSON, JJ., concur.

. This provision, as well as other provisions in section 627.736 discussed in this opinion, are part of the broader Florida “No-Fault” or personal injury protection (PIP) law.

. This subsection underwent a minor, non-substantive, amendment subsequent to the commencement of the proceedings below, including deletion of the numeral "1” that immediately followed "(a).”

. Although not at issue in this case, this would also include subsection (6)(a), which entitles PIP insurers to certain information from injured insured’s employers.